IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0917-08






ANGEL RESENDEZ, Appellant



v.



THE STATE OF TEXAS





ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 14-05-00098-CR FROM THE 14TH COURT OF APPEALS


HARRIS COUNTY






 Holcomb, J., filed a dissenting opinion, in which Meyers and Johnson, JJ.,
joined.



 After reviewing the record, I agree with the court of appeals that Mr. Resendez properly
preserved his Article 38.22 complaint for appellate review. See Resendez v. State, 256 S.W.3d 315,
333-335 (Tex.App.-Houston [14th Dist.] 2007). Because the majority of this Court does not so hold,
I respectfully dissent.

 On September 19, 2003, Resendez's first counsel filed a motion to suppress the videotaped
statement in question. That motion specifically invoked the requirements of Article 38.22 of the
Texas Code of Criminal Procedure. One of those requirements is that a videotaped custodial
statement is admissible against an accused only if "during the recording the accused is given the
[Miranda] warning . . . and the accused knowingly, intelligently, and voluntarily waives any rights
set out in the warning." Tex. Code Crim. Proc. art. 38.22, § 3(a)(2). 

 On October 29, 2004, Resendez's second counsel filed a second motion to suppress. That
motion specifically invoked the Fifth Amendment to the United States Constitution and Article I of
the Texas Constitution.

 On November 8, 2004, the trial court held a hearing on the two motions to suppress. As the
court of appeals noted, "Nothing in the record suggests [Resendez's] first motion was withdrawn or
amended, so presumably the trial court considered both motions." Resendez, 256 S.W.3d at 334 (on
rehearing). 

 At that suppression hearing, the following transpired:

 DEFENSE COUNSEL: [T]here's nothing on State's Exhibit No. 2-A [the transcript
of the videotaped statement in question] which would be reflective of him being read
his Miranda warnings at the beginning, that, it's a verbatim transcript of what he
simply said. They did not Mirandize him on the tape, which they did not do, that's
clear. The court's had an opportunity to review that tape; State's Exhibit No. 2-A is
not going to be reflective of any Miranda warnings given thus far.

 

 TRIAL COURT: I understand, counsel. You have made a fine point of law.

 

 * * *


 THE STATE: We will stipulate nowhere on the videotape of State's Exhibit No. 2-A
is there Mirandized warnings given to this defendant.


 Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure provides:

 "As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request, objection, or
motion that stated the grounds for the ruling that the complaining party sought from
the trial court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context."


 In order to satisfy Rule 33.1's requirement, "all a party has to do . . . is to let the trial judge
know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge
to understand him." Lankston v. State, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992). This standard
is "not to be implemented by splitting hairs in the appellate courts." Ibid.

 Unless we "split hairs," I conclude that Resendez's counsel satisfied the fairly minimal
requirements of Rule 33.1. His complaint to the trial court was sufficiently specific to make the trial
court aware of his Article 38.22 complaint. Certainly, we can presume that the learned trial judge,
when listening to and evaluating defense counsel's argument, was well aware of Article 38.22's
requirements. A reasonable judge in the trial judge's position would have understood defense
counsel's argument. Moreover, the trial judge here stated on the record that he understood defense
counsel's argument, and the State conceded on the record that the videotaped statement did not
satisfy the Article 38.22 requirement that the Miranda warnings appear on the tape. As the court of
appeals stated:

 "We need not engage in speculation as to whether the [trial] court was aware of
[Resendez's] complaint. The trial court's statement and the prosecutor's stipulation
indicate[d] they both understood [defense] counsel was arguing a violation of the
Code due to the absence of Miranda warnings on the videotape." Resendez, 256
S.W.3d at 335 (on rehearing).


 In my view, the reason the trial court ultimately denied Resendez's motion to suppress was
not because the trial court was unaware of Resendez's argument concerning the lack of Miranda
warnings on the videotape, which is at issue here, but rather because the trial court was of the
opinion, possibly correctly, that the videotape was admissible despite the lack of Miranda warnings
because Resendez testified to essentially the same facts at his co-defendant's trial. 

 The majority, with its overly strict application of Rule 33.1, is breaking with the spirit of
Lankston and putting too great a burden on defense counsel. I respectfully dissent.


FILED OCTOBER 21, 2009

PUBLISH